IGNES DENE vs. ARNOLD PRINT WORKS.

Berkshire.    January 6, 1902. — June 17, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence*, Employer's liability.

The existence of oil on the floor of a mill, causing an operative to slip and receive an injury when walking through a passageway between two machines, is not evidence of negligence on the part of the mill owner, if there is nothing to show how long the oil had been there or what caused it to be there.

There is no duty on the part of a mill owner, to warn a boy between fourteen and fifteen years old, who has worked in the room for two months, as to the danger, if any, of using a passageway between the machine on which he works and another machine, or of getting his hand caught in the gears in case he does so.

TORT for injuries received while employed in the defendant's mill at North Adams.   Writ dated December 16, 1899.

In the Superior Court the case was tried before *Bond, J.*, who, at the close of the evidence for the plaintiff, ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

*J. C. Crosby & J. F. Noxon*, for the plaintiff.

*W. H. Brooks & W. Hamilton*, for the defendant.

MORTON, J.   As the plaintiff went to pass through a passage-way between two machines, on one of which he worked, in the defendant's mill, he slipped, and to save himself from falling threw out his hand, and it was caught in the gears of one of the machines and injured.   This action is brought to recover for the injury thus sustained.   At the time of the accident the plaintiff was between fourteen and fifteen years old and had worked about two months on the machine on which he was working when injured.   A few minutes before the accident he had started to go to the water closet, passing on his way between these two machines, and had reached the stairs when he turned back to speak of his intended absence to a man in the room whom he was required to notify of the absence.   He went back the same way that he had come, and it was while going back that he met with the accident.   There was testimony tending to show that the slipping might have been caused by oil on the floor.   There was also testimony tending to show that the place where the plaintiff slipped was not lighted.   The plaintiff contends that the defendant was negligent in these respects, and that his injury was caused thereby, and also that the defendant was negligent in not instructing him as to the danger of using the passage-way.

If the slipping was caused by oil on the floor and was not a pure accident, there is nothing to show how long the oil had been there, or what caused it to be there.   It would be holding parties to a liability altogether too strict to say that the presence of oil on the floor of a mill was itself evidence of negligence.   Regard must be had to what is practicable and reasonable and it would hardly be possible to operate a mill without more or less oil getting on the floor, especially under and around different machines.   We do not see how the absence of light can be said to have caused the injury.   The plaintiff went through the passageway on his way to the stairs, and it was then unlighted and was so when he returned.   His familiarity with the machine and its surroundings was such that he needed no artificial light. Moreover, if there was negligence on the part of any one in not lighting the gas, it would seem that it was the negligence of a fellow servant, and not of the defendant or of one whose sole or principal duty was that of superintendence.   It is manifest, we

think, that the plaintiff needed no warning or instruction as to the danger, if any, in using the passageway, or of getting his hand caught in the gears.

*Exceptions overruled.*