### HENRY A. McREA *vs.* HOOD RUBBER COMPANY.

Suffolk.    January 13, 1905. — January 16, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

A workman in a rubber factory injured by falling when carrying an armful of rubber boots on his way to a chute, from slipping on a spot in a passageway of the factory where thin rubber cement has dripped in front of a tank, cannot recover from his employer for the injury, if it does not appear that the condition of the floor was due to any negligence on the part of his employer, and where, if it was due to the negligence of any one, it was that of one of his fellow servants.

In an action at common law and under the employers' liability act by a workman in a rubber factory against his employer for personal injuries from a fall caused by slipping on rubber cement alleged to have been allowed to remain on the floor of the factory through the defendant's negligence, evidence offered by the plaintiff, to show that a fellow workman of the plaintiff was furnished with sand and burlap to be used to prevent the floors becoming slippery from cement getting upon them, properly may be excluded as immaterial.

TORT by a rubber boot maker for injuries while in the defendant's employ from slipping and falling in a passageway of the defendant's factory which it was alleged that the defendant negligently allowed to become slippery, with counts at common law and under the employers' liability act.    Writ dated November 21, 1902.

At the trial in the Superior Court before *Wait,* J. the plaintiff testified that he was a rubber boot maker, and had worked for the defendant at its factory for about fifteen months before the accident; that on the morning of September 11, 1902, at ten minutes before eight o'clock, he was walking from his bench in the factory to a chute, carrying in his arms eleven pairs of men's rubber boots weighing between fifty and sixty pounds, it being his duty each morning to take from his bench the boots upon which he had worked the previous day and carry them to this chute by which they were conducted to lower floors of the factory.

Upon the morning in question the plaintiff was carrying the boots over the usual and shortest route from his bench. He had crossed the main aisle and had entered the passageway where on his way to the chute there were two barrel shaped tanks containing rubber cement. He had taken one step on this passageway, bringing him near the first of the two cement tanks, when he slipped and fell, breaking his leg and suffering the injuries sued for.

The plaintiff testified further that he noticed after his fall that the place on the floor where he slipped was covered with thin rubber cement for a space of about three feet square; that rubber cement is used by arctic makers and is made of naphtha, rubber and litharge, and when placed upon a floor or smooth surface is very slippery; that there was another way to go but that he had almost invariably since entering this shop fifteen months previous to the accident gone over this same route with his boots, and that he almost always had seen a man, whose name he did not know and whom he took to be an Armenian, engaged at work about the cement tanks, cleaning them, drawing cement and cleaning the floor of the passageway; that the Armenian was not near the tanks at the time of the accident, and that no one was near the tanks or in the passageway; that the light was good, the place where he fell being ten or twelve feet from the windows, and that the arctic makers always got their cement in the morning from half past six to half past seven o'clock.

The foreman in charge of this department of the factory, called as a witness by the plaintiff, testified that it was the duty of the Armenian under orders received from him to keep the cement

tanks clean and also the floors near the tanks clean and free from cement, and that he had directed this Armenian to remain by this tank every morning from half past six until eight o'clock. The same witness was asked by the plaintiff " What, if any, appliances were furnished this man with which to keep the floors from becoming slippery?" This question was objected to by the defendant, and was excluded by the judge, the plaintiff excepting. It was the purpose of the plaintiff, in asking this question, to show that sand and burlap were furnished to this employee to be used upon the floors to keep them from becoming slippery by reason of cement getting upon them.

At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*H. H. Folsom,* for the plaintiff.

*J. A. Lowell,* for the defendant.

BY THE COURT. There was no evidence of negligence on the part of the defendant. If the condition of the floor was due to the negligence of any one, it was that of a fellow servant of the plaintiff, for whose acts the defendant is not liable to the plaintiff.

The evidence offered and excluded was immaterial.

*Exceptions overruled.*