## Chicago City Railway Company v. John Martincic.
### Gen. No. 13,651.

1. ORDINANCE—*how to be construed.* An ordinance, if possible, is to be so construed as to give it some validity and effect.

2. ORDINANCE—*providing for protection of machinery, construed.* An ordinance designed to protect workmen in places where ma-

chinery is employed from injury from such machinery has no application to a room where there is no machinery, and where the workmen could not possibly come in contact with machinery.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed and remanded. Opinion filed January 28, 1908.

WILLIAM J. HYNES, S. S. PAGE and C. LEROY BROWN, for appellant.

DAVID K. TONE and H. M. ASHTON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

John Martincic, appellee, recovered a judgment in the Superior Court against appellant in an action on the case for personal injuries. Appellee was a laborer in the employ of appellant. On November 26, 1903, he went into the coal crusher room of appellant on the northeast corner of Twenty-first and Dearborn streets, for the purpose of shoveling coal into a coal crusher, under orders of appellant's foreman, as he claims, and stepped into a hole in the floor leading down into the crusher, about three feet below the floor, and was severely injured.

The original declaration, containing one count, was filed November 25, 1904. October 14, 1905, two additional counts were filed.

The first count averred the ownership and operation by defendant of a street railway in Chicago and of a power house situated near Twentieth and State streets. It then averred that defendant had in connection with said house a certain building used for the purpose of receiving coal and crushing the same; that in said coal building there was an opening in the floor about three feet square, and that below said floor and within said opening was a coal crusher consisting of a rapidly revolving cylinder or machine, which crushed the coal that was dumped into said hole; that said coal crusher was near the center of said room,

and was within a distance of, to wit, twelve feet from the door of said building; that defendant dumped large quantities of coal upon the floor of said building and near said hole, which coal was shoveled by hand into the crusher; that said opening in the floor beneath which the crusher was revolving was unguarded and unprotected; that on November 26, 1903, the plaintiff was a servant of defendant; that by reason of the presence of large quantities of coal dust in the atmosphere, and by reason of the dimness of the light within said room at and near where said crusher was situated, the said coal crusher and opening in the floor above the same were then and there highly dangerous to the lives and safety of persons being and working in the vicinity thereof; that it then and there became and was the duty of defendant to give notice and warning of the presence of said coal hole and said crusher to servants of defendant who were directed to work within said room and near said crusher, in order that said servants might not walk into said coal hole and be injured; that plaintiff did not then and there know, and could not by the exercise of reasonable care on his part have discovered the fact that said coal crusher and opening in the floor above the same were then and there situated within said room. The count alleges that on November 26, 1903, at, to wit, seven o'clock A. M., the defendant then and there carelessly and negligently ordered and directed plaintiff to go into said room used for crushing coal and then and there shovel coal in said room, and said defendant then and there carelessly and negligently failed to warn or inform plaintiff of the fact that said crusher was then and there in operation in said room in an unguarded and unprotected manner, and that plaintiff, acting in obedience to the directions of said defendant, and in ignorance of the existence of said unguarded and uncovered coal crusher, then and there walked into said room, and while in the act of going to work for said defendant in shoveling coal, and acting under the direc-

tions of said defendant, the plaintiff, while in the exercise of ordinary care for his own safety, unavoidably stepped into said opening above said coal crusher, and then and there fell into it while it was rapidly revolving, and was so seriously injured as to require the amputation of both legs.

The second count, or the first additional count, omitted many of the allegations contained in the first count. It described the ownership and operation of a railway and power house, the opening in the floor beneath which was the coal crusher, the location of the crusher, the presence of large quantities of coal, and the absence of any guard. It averred the presence of coal dust in the atmosphere and dimness of light in the room, but it did not allege that plaintiff was ignorant of the presence of the coal crusher, or that he was unfamiliar with the conditions, or that such conditions were not discoverable, or that plaintiff was ordered or directed to work in the room. The count alleges that on October 22, 1900, and thereafter, a certain ordinance was in full force and effect, which said ordinance was as follows:

"In every factory, workshop or other place or structure where machinery is employed, the belting, shafting, gearing, elevators and every other portion of machinery when so located as to endanger the lives and limbs of those employed therein while in the discharge of their duties shall be, as far as possible, so covered or guarded as to make them reasonably safe and to prevent injury to such employes."

The second count then avers that it was possible and practicable so to guard and protect the said opening in said floor as to make said opening reasonably safe to prevent injury to employes, and alleges that the defendant, contrary to said ordinance and in violation of its duty, negligently failed so to cover or guard the said opening in the floor beneath which the said crusher was revolving as to make the same reasonably safe and to prevent injury to employes, and that defendant, in violation of said ordinance, permitted the said opening in the floor of said building to be and

remain entirely open, unguarded and uncovered.  The count alleges that on November 26, 1903, plaintiff was a servant in the employ of defendant; that the servants of defendant were then and there engaged in shoveling coal from the floor of said building through said opening in said floor and into said crusher, and while plaintiff was then and there walking across the floor of said building and toward the said crusher for the purpose of shoveling coal into said crusher, and in the exercise of ordinary care for his own safety, and in the performance of his duties for defendant as a servant of defendant, and by reason of the negligence of defendant in failing to cover or guard the said opening in the floor of said building beneath which the said crusher was revolving, so as to make the same reasonably safe and to prevent injury to the employes of said defendant, the plaintiff, while in the exercise of ordinary care for his own safety, unavoidably stepped into said opening above said coal crusher and was thereby injured, as described in the first count.

The third count avers the same facts by way of description and inducement as does the second count; it contains no allegation that plaintiff did not know of the conditions, or that he could not have known them, or that they were not obvious and apparent, or that he was not warned of them, or that he did not appreciate the dangers, or that he was misled by any assurances of safety, or that he was misled by any negligent order, or that he was promised that any dangerous conditions would be repaired.  It avers that it became and was the duty of defendant to guard and protect the hole in said flooring beneath which said crusher was then and there revolving, so as to prevent the employes of defendant working at or near the coal crusher from falling or walking or stumbling into said hole.  The count alleges that defendant did not regard said duty, but negligently failed to erect any guard or railing or protection of any kind around said hole, but left said hole wholly unguarded and unprotected.  The count avers that plaintiff "was then and there directed

by the said defendant to go into said building in which said crusher was then and there revolving, and to assist the servants of said defendant in handling coal," and that while plaintiff was then and there walking across the floor of said building in which said crusher was then and there being operated, in the exercise of ordinary care for his own safety, and by reason of the negligence of defendant in failing to guard and protect the hole beneath which said crusher was revolving, plaintiff then and there unavoidably stepped into said opening above said coal crusher, and was injured as alleged in the first count.

The defendant pleaded not guilty to all the counts.

On the trial appellee offered in evidence an ordinance of the city of Chicago adopted October 22, 1900, the first section of which is set out in the first additional count, except the word "practicable" appears in place of the word "possible" averred in that count. The ordinance was admitted by the court over the objection of appellant that it was irrelevant, immaterial and inapplicable to the case. This ruling is assigned as error. The question is also preserved otherwise in the record.

The declaration avers and the evidence shows that the coal crusher was located beneath the floor of the crusher room, and about three feet below the hole or opening in the floor. There is no averment in the first additional count that there was any belting, shafting, gearing, elevators or other portion of machinery located in the crusher room. The proof does not show any; but on the contrary it appears that the crusher and the machinery for applying power to the crusher was all under the floor of the crusher room.

Waiving the question as to the validity of the ordinance, and assuming for the purposes of the argument its validity, we are unable to see that the ordinance has any application to the situation shown by the pleadings and proofs. The intent and purpose of the ordinance, as gathered from its phraseology, is to protect workmen in places where machinery is employed

from such machinery, where it is so located as to endanger their lives or limbs while in the discharge of their duties. It is intended to apply to situations where workmen in the discharge of their duties are necessarily in close proximity to machinery, and may come in contact with it while in motion. In the nature of things it can have no application to a room or place, like the crusher room in question, where there was no machinery, and where men engaged in unloading coal, or shoveling coal into the crusher, could not possibly come in contact with machinery, except through the necessary opening in the floor through which coal is put into the crusher. To construe the ordinance in question as applicable to the situation shown by the pleading and proofs in this case, would make it unreasonable and void as an arbitrary infringement upon personal and property rights. It should not be so construed.

The ordinance being, as we think, inapplicable to the situation presented by the record, it is not material for us to consider or pass upon the question of its validity, which is argued at length in the briefs. That question is not necessarily before us for decision.

If the ordinance is inapplicable to the case, it has no place in the pleadings or the evidence. The averment of the ordinance in the second or first additional count was surplusage, and its admission in evidence was reversible error. It tended to confuse the issues before the jury, and its admission prejudiced the appellant's case.

As the error in the admission of evidence necessitates a reversal of the judgment and a remanding of the case for another trial, we do not deem it necessary to discuss the instructions which are criticised in argument further than to say that in our opinion the question of assumption of risk is in the case, and that no instruction is proper which, in terms or in effect, takes from the jury that question of fact.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*