PETER McTIERNAN *vs.* AMERICAN WOOLEN COMPANY.

Essex.     November 8, 1907. — February 24, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, & RUGG, JJ.

*Negligence,* Employer's liability.     *Evidence.*

In an action at common law by a boy against the proprietor of a woolen mill in which he was employed, for injuries incurred from falling into a vat of boiling water while the plaintiff was engaged in mixing dye powders in a pail one foot away from the vat, which when mixed were to be put into the boiling water to make dye, if it appears that the floor, which was covered with zinc, might have been slippery owing to the negligence of a fellow servant of the plaintiff in dropping soft soap on it, and that, whether the floor was slippery or not, another fellow servant of the plaintiff gave him a push or "jolt" so hard that he whirled around two or three times, slipped on the floor and fell into the vat, there is no ground for holding the defendant liable for either of these acts or for both of them combined.

In an action at common law by a boy against the proprietor of a woolen mill in which he was employed, for injuries incurred from falling into a vat of boiling water while the plaintiff was engaged in mixing dye powders in a pail one foot away from the vat, which when mixed were to be put into the boiling water to make dye, it appeared that the vats, which were without covers, were put into the mill three months after the plaintiff entered the defendant's employment, but that the plaintiff had continued to work there about eight months after the vats were installed in the mill without covers. The plaintiff offered to prove that the vats were made by the defendant, that covers were made for them, that the plaintiff had helped to carry the vats up to the room where they were installed, that he asked the overseer whether he should bring up the covers, and that the overseer had said no, that they would not use the covers, and that the covers never were used while he was at work there. This evidence was excluded. *Held,* that the exclusion was right; that the plaintiff by continuing to work after the vats were installed without covers assumed the risk of any accident caused by the absence of covers in the same way that he would have assumed it if the vats had been installed without covers before he was employed; and, moreover, that, in the absence of evidence to that effect, it could not be assumed that if the covers had been in use they would have been on the vats at the time of the accident, when the making of the dye had begun and the vat into which the plaintiff fell had been filled with boiling water to receive the dye powders which were being mixed in a pail within a foot of the vat to be poured into it and boiled there as soon as the mixing was finished.

TORT, at common law, by a boy between seventeen and eighteen years of age when injured, for personal injuries incurred on May 6, 1903, while employed in a woolen mill of the defendant at Lawrence, alleging that the plaintiff was put to work in a place which was unsafe and dangerous by reason of the improper construction of a certain dyeing vat and the floor about it and the want of repair of a barrel near the vat from which it was alleged that soft soap leaked upon the floor so that in conjunction with the vat it became dangerous and unsafe, and that the plaintiff while at work slipped on the floor and fell into the vat, then filled with hot water, and was scalded. Writ dated November 9, 1904.

At the trial in the Superior Court before *Sherman,* J., evidence was introduced of the facts which are stated in the opinion.

The judge ruled that upon the evidence the jury would not be warranted in returning a verdict for the plaintiff. He ordered a verdict for the defendant; and the plaintiff alleged exceptions to this ruling and to the exclusion of certain evidence which is described in the opinion.

*J. P. Sweeney, H. R. Dow & L. S. Cox,* for the plaintiff, submitted a brief.

*W. H. Hitchcock,* for the defendant.

LORING, J. The accident here complained of happened in this way. While the plaintiff "was stooping down mixing dye in a pail," he "was pushed" or given a "jolt" by a fellow employee. The "push" or "jolt" was so hard a one that he was turned or whirled around two or three times, slipped on the floor, and fell into a vat of boiling water.

At the time of the accident the dye was being made in the usual way, and that way was as follows. The dye, which comes in the form of a powder, is first mixed in a pail and then is poured into a vat of boiling water, where it is boiled for fifteen or twenty minutes. The vat had been filled with the boiling water and the plaintiff was mixing the dye powder in a pail which was about a foot away from the vat and between the plaintiff and the vat. The vat in question was "set upon the floor," and was one and three quarters feet deep, three and a half feet long, and one and a half feet wide. This vat, together with three others similar to it and another one substantially

similar, was installed about three months after the plaintiff entered the defendant's employment.

When the plaintiff entered the defendant's employment he "was set to work" carrying bobbins in trucks to the spinning frames. At that time the dye was made by a section hand named Wolfindale, who left about two months before the accident. While Wolfindale was with the defendant it was the duty of the plaintiff to get the dye powder from the dye house and bring it to him. It is stated that the plaintiff used to watch Wolfindale mix the powder, and it must be inferred that he thereby learned how to do that work, for when Wolfindale left and his place was taken by a man named Hayes who did not know how to mix the dye, the plaintiff was told to do that work, and did so for a time, up to the day of the accident.

The floor in question was covered by zinc. There was evidence that there was a barrel of soft soap left near the vats, and that the soap was used in washing the floor.

The presiding judge directed the jury to find a verdict for the defendant, and the case is here on an exception to that ruling and to a ruling excluding evidence offered by the plaintiff.

The plaintiff's first contention is that the accident was caused by a slippery floor. It might well be doubted whether the evidence would have warranted a finding that the floor was slippery. The plaintiff testified that when he got out of the vat "he did not notice the floor, but that afterwards, when he came to his senses, he bethought that the floor might be slippery; that it used to be slippery once in a while with the soap; that people would take soap out of the barrel and would let it drop on the floor; that he had seen the zinc both dry and slippery; that when he fell he could not regain his footing. Subject to the defendant's exceptions, he testified that he thought the floor was wet with water and with soap." It may be doubted whether this was enough to warrant a finding that the floor was slippery at the time of the accident.

If the evidence did warrant a finding that the floor was slippery, the proximate cause of the injury was either the slippery floor or the "jolt" given to the plaintiff by his fellow employee, or the two combined. But for neither of these is the defendant liable. Both came from the negligence of a fellow servant.

The plaintiff offered to prove " that the vats were made by the defendant, that covers were made for them ; that the plaintiff had helped to carry the vats up to the room where they were installed ; that he asked the overseer if he should bring the covers up, and that the overseer said no, that they would not use the covers, and the covers were never used while he was at work there." This was excluded. We are of opinion that the presiding judge was right in excluding it. In the first place, the plaintiff had continued to work for the defendant for nearly eight months after the vats were installed without covers. That puts the case on the same footing that it would have been on had the vats been installed before the plaintiff was employed, and the case at bar comes within *Tinkham* v. *Sawyer*, 153 Mass. 485 ; *Murphy* v. *American Rubber Co.* 159 Mass. 266. But apart from that, if the defendant had adopted covers as part of the vats, we cannot assume, in the absence of an offer of evidence to that effect, that they would have been on the vats at the time of the accident. At that time the making of the dye had been begun, the vat had been filled with boiling water to receive the dye, and the dye was being mixed within a foot of the vat, to be poured into the vat and boiled there when the mixing was finished.

*Exceptions overruled.*