### Rheinhardt Paquet, Appellee, v. Frederick Herhold et al., Appellants.

### Gen. No. 15,066.

CONTRIBUTORY NEGLIGENCE—*effect of.* If personal injuries are sustained as a result of the plaintiff's own negligence, a recovery by him will not be sustained.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

Heard in this court at the October term, 1908. Reversed. Opinion filed May 2, 1910.

F. J. Canty and R. J. Folonie, for appellants.

Frank X. Busch and Frank A. Rockhold, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit to recover damages for personal injuries. Plaintiff's testimony tends to show that an attachment which operated a feeder to the rip-saw by which the plaintiff was hurt was not in good working order; that it was a self-feeding saw and that a chain which operated the self-feeder located in front of the saw and between it and the operator was out of order and fell off the wheel which it moved. Four days before the accident the defendant's machinist fixed the machine and told plaintiff to go on with his work. A day later plaintiff says he asked the machinist "to make a guard on the saw". Plaintiff describes the accident substantially as follows: that "the chain fell down from the feed and I stopped the rip-saw and went to put the chain back again, and there lay a pile of waste wood and I had to stand on that pile of wood and fix the rip-saw. I came along and I stepped on that wood and the wood pushed apart and I fell with my hand onto the saw. * * * When I went around to fix the saw I put the chain back on the wheel. I went to the left. On the right side of the machine between the outside of the machine and the wheel and chains the saw and the entire works were there and the belt ran there and the other chain. I couldn't reach this chain and wheel from the right side. Just before I reached over to fix this chain on the wheel I stopped the saw. The stopper was above where I stood and I pushed it over to the loose pulley. When the chain had dropped off the wheel and dropped down, the sprocket

wheel was not in motion. Near that wheel where I put the chain on there were other cog wheels near the saw. The other cog wheels were down a foot below on the saw. They were beyond the point I was reaching to put the chain on. This pile of dirt and pieces of wood that was on the ground there that I stepped on, was about one foot in height and about two feet long and perhaps a foot and a half wide. When I started to put the chain on the wheel I went at it and stopped the saw so I could put the chain back. I didn't know what was the matter there. The chain was down below and I reached for the chain and just when I reached I fell. During the three weeks that I had worked there I had put the chain on that wheel the same way I was intending to put it on this time. The other times when the chain fell down I stood on the same side of the machine". He says the foreman had "put the chain on the same as I did and told me I should put the chain on, just so". Meanwhile although he had "pushed the belt over onto the loose pulley before I went around to the side of the table", the saw was still revolving. Plaintiff says, "When you stop it, it runs three or four minutes".

There was more or less waste wood on the floor all the time. "What made this pile of wood and stuff was when the wood had been cut I laid it on the side, and the bad wood I threw on the other side". In other words, it was the waste material produced by himself in operating the saw in the regular course of his work. Plaintiff himself had placed it on the floor there, and as soon as there was a boxful, he testifies, "there was a man who carried it away from the saw  *  *  *  two or three times a day".

It is contended that defendants were negligent in having the floor about the saw covered with pieces of wood and debris, in permitting the attachments about the saw, i. e. the chain and sprocket wheel operating the feeding attachment, to be defective, in failing to guard the saw in violation of the ordinance, and in negligently ordering plaintiff to put the chain on the

sprocket wheel; that plaintiff exercised ordinary care for his own safety; that he did not assume the risk of injury from the condition of the floor; that he was promised a guard within a definite, fixed time and did not assume risk meanwhile, and that defendant's negligence was the proximate cause of the injury.

If the last of these contentions is not supported by the evidence it will not be necessary to consider the others. Defendants' counsel insist that the alleged negligence of defendants was not the proximate cause of the plaintiff's injury. Plaintiff testifies that he "had to stand on that pile of wood and fix the rip-saw". There is no evidence tending to support this bare assertion. No reason appears why he could not, and there is evidence tending to show that he could, have reached the chain from other positions. But assuming that this could not have been done so conveniently from other sides of the machine, no reason is given for reaching over a revolving saw when standing in an insecure position upon a loose pile of waste pieces of wood. He says he stepped on that pile and the wood pushed apart and he fell with his hand on the saw. He knew all about this pile of wood, for he had made the loose pile himself. It is not claimed that any one directed him to stand on it to reach over the still revolving saw to get hold of the chain of the sprocket wheel. He says he was told some days before to stand on that left side of the saw where he would have to reach over it in order to replace the chain; but there is no claim that anyone ordered or indicated that he should stand on a pile of waste wood which meanwhile he had created himself and had thrown on that side of the machine. If we assume for the purpose of the argument that defendants might have been negligent in allowing plaintiff to put the waste wood on the floor there, it was nevertheless not the waste material but the act of plaintiff in standing upon it as he did and from such insecure foothold leaning over a still revolving saw, that was the proximate cause of the injury. In Dene v.

Paquet v. Herhold, 154 Ill. App. 655.

Arnold Print Works, 181 Mass. 560-561, it is said: "It would be holding parties to a liability altogether too strict to say that the presence of oil on the floor of a mill was itself evidence of negligence. Regard must be had to what is practicable and reasonable and it would hardly be possible to operate a mill without more or less oil getting on the floor, especially under and around different machines". The same is true of waste material from a saw. Plaintiff recognized the danger of leaning over the revolving saw. He had taken measures to stop it by throwing off the power. He knew it would run by its own momentum some moments after the power was withdrawn. He had put the chain on the sprocket wheel a number of times before. Plaintiff's counsel say "he did not start to put the chain on the wheel before the saw stopped"; but plaintiff himself says, "I reached for the chain and just as I reached I fell". The distinction is without a difference. It is immaterial whether he was in the act of putting the chain on the sprocket or reaching for it. The saw was still revolving fast enough to cut into his arm when he fell against it.

We cannot agree with the contention of plaintiff's counsel that the proximate cause of the accident was ordering plaintiff to put the chain on "in this particular manner". If it is meant that plaintiff was told to reach for the chain over the saw while the latter was still in motion, or was told to stand on the pile of debris for such purpose, there is no such evidence. Nor can we concur in the contention that the proximate cause was a failure to guard the saw. The ordinance relied upon provides that "machinery in a factory when so located as to endanger the lives and limbs of those located therein while in the discharge of their duty shall be as far as possible so covered or guarded" as to be reasonably safe and prevent injury to such employes. There is evidence tending to show that while in the discharge of plaintiff's duty in operating the saw, the feeding machine between the operator and the

saw served as a guard.    But there is no evidence that it was possible to guard this saw in a way which might have prevented the injury in this case and at the same time permit the use of the saw to do the work for which it was intended.    Counsel have elaborately argued the constitutionality, validity and construction of the ordinance.    These questions we need not consider since its introduction without proof of its applicability was erroneous.    As said in C. City Ry. Co. v. Martincic, 138 Ill. App. 575-581, ''It tended to confuse the issues before the jury and its admission prejudiced the appellant's case.''

It appearing from the uncontradicted evidence that the plaintiff's injury complained of was the result of his own negligence and not of negligence on the part of appellants, the judgment of the Superior Court must be reversed with finding of fact.

*Reversed.*