CHARLES MANN *vs.* MOORE SPINNING COMPANY.

Middlesex.     December 8, 1910. — March 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

One, who is employed in a well lighted spinning mill and knows that, in dipping liquid soap from a tank into a trough where combed wool is washed, a fellow employee sometimes drops some of the soap upon the floor, and who in the course of his duties walks upon that part of the floor and is injured by slipping upon some soap which the fellow employee had dropped there and should have cleaned up, cannot recover from his employer although he did not know and had not been told what was the effect as to slipperiness of liquid soap upon the floor, the risk being an obvious one which he had assumed, and the accident being due to the carelessness of a fellow servant.

TORT for personal injuries caused by the plaintiff slipping upon some soap on the floor of the defendant's spinning factory where he was employed. Writ dated August 6, 1908.

In the Superior Court the case was tried before *Hardy,* J.

It appeared from the plaintiff's testimony that he had been working in the defendant's factory for about two months at

the time of the accident "running the French gill boxes," and that the room where he worked was light; that along one side of the room and about thirty feet from the plaintiff was a "backwasher," which was a series of troughs filled, some with soap and others with soap and water, through which wool was passed by means of rollers; that there were big windows on the side of .the room by the backwasher; that one Stanley ran the backwasher and one Robinson was in charge of the room for the defendant; that from time to time, as the plaintiff knew, when Stanley needed soap Robinson would designate some one to go to another room to get it; that the plaintiff never had been assigned to or performed that duty before the accident; that the plaintiff had seen Stanley dip the soap, which was in a liquid or semi-liquid form, with a dipper from a tank three feet from the backwasher and carry it across the floor to the backwasher, and the day before the accident he had seen soap drip upon the floor from the dipper.

On the day of the accident, which was a bright day in June, after the plaintiff had poured the soap into a box from the nearby room, he and Stanley were attempting to carry the box to the tank near the backwasher when the plaintiff slipped upon some soap on the floor and fell. It was Stanley's duty to keep the floor clean and free from soap.

There also was evidence that the plaintiff, because of a trouble with his eyes, was wearing dark glasses at the time of the accident, that he did not realize that the floor where he slipped was slippery, and that he did not know and never had been told what was the effect as to slipperiness of liquid soap on the floor.

At the close of the plaintiff's evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Bent*, for the plaintiff.

*F. E. Dunbar*, (*J. J. Rogers* with him,) for the defendant.

LORING, J.    It is settled by previous decisions that there was no aspect of the evidence put in by the plaintiff which entitled him to go to the jury. *Murphy* v. *American Rubber Co.* 159 Mass. 266. *Kleinest* v. *Kunhardt*, 160 Mass. 230. *Feely* v. *Pearson Cordage Co.* 161 Mass. 426.    *Thompson* v. *Norman*

*Paper Co.* 169 Mass. 416. *Dene* v. *Arnold Print Works*, 181 Mass. 560. *McRea* v. *Hood Rubber Co.* 187 Mass. 326. *McTiernan* v. *American Woolen Co.* 197 Mass. 238. *Goudie* v. *Foster*, 202 Mass. 226.

*Exceptions overruled.*