HERMAN KLEINEST *vs.* GEORGE E. KUNHARDT & another.

Essex. November 8, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Master and Servant — Negligence — Assumption of Risk — Action.*

A person who, in falling on the floor of a mill in which he is employed, which is wet and slippery with soap and water from washing machines, is injured by catching his hand in a pulley on one of the machines, which is exposed near a place where workmen are expected frequently to pass, if the condition of the floor and pulley at the time when he entered the employment were the same as at the time of the accident, impliedly assumes the risk of an accident arising from such condition, and cannot maintain an action against his employer for the injury.

TORT, for personal injuries occasioned to the plaintiff while in the defendants' employ, by the alleged negligence of the defendants. Trial in the Superior Court, before *Sherman*, J., who, upon the plaintiff's evidence, at the request of the defendants, ruled that the action could not be maintained; directed a verdict for the defendants; and, at the plaintiff's request, reported the case for the determination of this court. If the ruling was correct, the verdict was to stand; otherwise, a new trial was to be granted. The material facts appear in the opinion.

*J. C. Sanborn*, for the plaintiff.

*G. Cunningham & R. F. Herrick*, for the defendants.

KNOWLTON, J. The plaintiff fell, and in falling caught one of his hands in a pulley on a washing machine in the defendants' mill, and was injured. The floor was wet and slippery with soap and water from the washing machines, and the defendants are alleged to have been negligent in allowing the floor to be in that condition, and the pulley to be exposed near a place where workmen were expected frequently to pass.

The plaintiff testified that the floor was always wet, and it appears that the condition of the floor and the pulley at the time when he entered the defendants' service were the same as at the time of the accident. This condition was open and obvious, and it must be held that the plaintiff impliedly contracted, not only to work in this place, but also to assume the risk of accidents arising from the wet floor and the exposed pulley. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. *Fisk* v. *Fitchburg Railroad*, 158 Mass. 238. The defendants were under no obligation to the plaintiff to change the condition of their works in these particulars.

*Judgment on the verdict.*