## John Thompson vs. Norman Paper Company.

Hampden.     September 29, 1897. — November 22, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Negligence — Assumption of Risk — Action.*

At the trial of an action under the employers' liability act, St. 1887, c. 270, for personal injuries alleged to have been caused by the negligence of the defendant's superintendent, it appeared that the plaintiff was ordered by the superintendent to help work in a kind of vat used for mixing the pulp in the defendant's paper mill; that as he was stepping from a beam to a ladder in getting over the edge of the vat he slipped and fell; that the beam and inside of the vat were wet, and were made more slippery by soda ash used instead of soap for cleaning; that the plaintiff was an experienced man and knew that soda ash was in common use in the mill, but according to his testimony did not know that it had been used in the vat; and that the only negligence alleged was the failure to warn the plaintiff that soda ash had been used. *Held,* that there was no negligence on the part of the defendant.

TORT, under the employers' liability act, St. 1887, c. 270, for personal injuries occasioned to the plaintiff while in the defendant's employ. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*W. S. Robinson & J. B. Carroll,* for the defendant.

*W. Hamilton,* for the plaintiff.

HOLMES, J.   This is an action under St. 1887, c. 270, § 1, cl. 2, brought to recover for personal injuries alleged to have been caused by the negligence of the defendant's superintendent. The plaintiff was ordered by the superintendent to help to work in what is known as a stuff chest, a kind of vat used for mixing the pulp in a paper mill. He got over the edge of the vat, and as he was stepping from a beam to a ladder he slipped and fell. The beam and inside of the vat were wet, and were made more slippery by soda ash, which was used instead of soap for cleaning purposes. The plaintiff was an experienced man, and knew that soda ash was in common use in the mill, but according to his testimony did not know that it had been used in the stuff chest. The only negligence alleged is the failure to warn the plaintiff that soda ash had been used.

We are of opinion that the case should have been taken from the jury. There are many transitory risks of which it is impracticable to require an employer to give notice to his men, although no doubt, if the risk is very great and unusual, the fact that it is short lived is not always an excuse. *Kanz* v. *Page*, 168 Mass. 217. *Whittaker* v. *Bent*, 167 Mass. 588. See *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71. The fact that the place was wet was obvious, if that be material, for the plaintiff testified that it was light enough for all practical purposes. It was to be expected that it would be wet, from the nature of the uses to which it was put. The fact that it was wet with soap and water, instead of water, merely enhanced the obvious need of care. *McCauley* v. *Springfield Street Railway*, ante, 301. The plaintiff was not invited to use the beam, but, so far as appears, might have got upon the ladder at once. If the plaintiff had been engaged upon this work in the regular routine of his duty, plainly it would have been unreasonable to require his employers to have some one at hand to notify him that the beam was wet and that soda ash had been used. If the facts that he started by special order and that the superintendent was at hand affect the extent of the defendant's duty, the superintendent was warranted in assuming that the plaintiff would use his eyes, and in supposing that he would know that soda ash might have been employed.

*Exceptions sustained.*