## CUDAHY PACKING CO. v. MARCAN.

(Circuit Court of Appeals, Eighth Circuit. March 11, 1901.)

### No. 1,457.

1. MASTER AND SERVANT—ASSUMPTION OF RISK.

A minor employed as a servant assumes, to the same extent as an adult, the ordinary dangers and risks of his employment which he actually knows and appreciates, and those that are so apparent and open that one of his age, experience, and capacity would, in the exercise of ordinary care, know and appreciate them.

2. PEREMPTORY INSTRUCTION—PRELIMINARY QUESTION FOR JUDGE BEFORE SUBMISSION TO JURY ALWAYS ARISES.

At the close of the evidence there is always a preliminary question for the judge before the case can be properly submitted to the jury, and that is whether or not there is any substantial evidence upon which the jury can properly return a verdict in favor of the party who produces it, and, if there is no such evidence, it is the duty of the court to direct the jury to return a verdict against him.

3. MINOR ASSUMES RISK OF SLIPPERY FLOOR.

A minor who for four weeks had been working upon a block fourteen inches square and five inches in thickness, placed upon a wet, greasy, and slippery floor by himself, assumes the risk and danger of the slipping of the block upon the greasy floor, by means of which his hand is involuntarily thrown into the cylinders of a chopping machine.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Nebraska.

John C. Cowin (Lysle I. Abbott and M. L. Sears, on the brief), for plaintiff in error.

W. J. Connell (Mr. Ives, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This was an action by an employé against his employer for a failure to discharge its duty to use reasonable diligence to furnish its servant with a reasonably safe place in which to perform his work, and the answer was that the risk and danger from which the servant suffered was one of the ordinary and patent risks of the employment which he had assumed. At the close of the trial the defendant below requested the court to instruct the jury to return a verdict in its favor, and the refusal to grant this re-

quest is the chief error of which complaint is made. The Cudahy Packing Company, the plaintiff in error, was a corporation engaged in the business of packing meat, as its name implies, and Frank Marcan was one of its employés, who was engaged in operating a machine for chopping meat, called a "hasher." On April 30, 1898, Marcan accidentally put the fingers of his left hand into the hasher and lost them. He sued the corporation for negligence, in that it permitted the floor on which he was working to become so slippery that a block on which he was standing slipped, and caused him to throw his hand into the hasher, and in that it used a box or hopper upon the chopping machine to enable the operative to feed the meat into the hasher, which he alleged also contributed to his accident. The great weight of the testimony was that the block did not slip, and that the accident was the result of the carelessness of the defendant in error in feeding the meat into the hasher. Upon the question under consideration, however, this evidence will not be considered, and it is accordingly laid aside. The testimony of the defendant in error and of his witnesses, which alone will be considered in this opinion, was that these were the facts which conditioned his case: He was a minor of ordinary intelligence, more than 17 years of age. He had been at work for the plaintiff in error for some weeks, when about March 20, 1898, he was assigned to operate the hasher. This hasher consisted of rapidly revolving cylinders, driven by machinery which chopped or hashed the meat which was fed into it through a hole above the cylinders. Over this hole a removable feeding box or hopper was fastened when the machine was in operation. The sides of this feeding box were five or six inches high, and it was the duty of the defendant in error to feed the meat which was placed in this box into the hasher. When he first took charge of the chopping machine he was taught to draw the meat in the box forward, and to feed it into the hasher through the hole over the cylinders with his hands. But he was afterwards furnished with a wooden tool called a "stuffer," and was instructed by his employer to use this instrument when the machine became clogged for the purpose of stuffing the meat down into and through it. This stuffer was a wooden block three and one-half inches in diameter and four inches long, provided with a handle. The hasher stood within a few inches of the south wall of the building, on a floor which sloped gently to the north, and when the feeding box was in place it stood so high that it was necessary for the operator to raise himself four or five inches above the floor in order to do his work conveniently. When the defendant in error commenced to operate this machine he was furnished with a box upon which he stood in front of the hasher to feed the meat into it. But four or five days later this box was broken, and then, by direction of his employer, he took a chopping block, placed it in front of the hasher, and thereafter stood upon this block when he was feeding the machine. This block was made of hard wood, was about fourteen inches square, five inches thick, and had an iron band around it two and one-half inches wide, and one-half an inch thick. He placed this block in position the first time he used it, and from time to time thereafter, as it was misplaced during the washing of the floor, he replaced it. Neither the foreman nor

any of the other employés of the plaintiff in error handled or placed the block. It was the custom in some packing houses to use salt upon the floor to prevent it from becoming slippery, but no salt was used upon the floor of this building. Marcan testified that the floor upon which this block lay was wet and greasy most of the time, that it was slippery when he first placed the block there, and that he knew it was slippery. He further testified that on April 30, 1898, while he was standing upon the block holding the stuffer in his right hand, and feeding the meat into the hasher with his left hand, the block slipped sideways to his right; that he tried to catch himself, and his hand went down into the machine; and that the block was caused to slip by "the greasy floor not being nailed." This is the case which the defendant in error made when it is conceded that all the testimony which contradicts his story is unfounded in fact.

A servant assumes the ordinary risks and dangers of the employment upon which he enters, so far as they are known to him, and so far as they would have been known to one of his age, experience, and capacity by the use of ordinary care and prudence. A minor assumes the ordinary dangers and risks of his employment that he actually knows and appreciates, and those which are so apparent and open that one of his age, experience, and capacity would, in the exercise of ordinary care and prudence, know and appreciate them to the same extent as an adult. By entering upon and continuing in the employment he assumes these risks and dangers, and no negligence can be charged to the master, and no liability can be fastened upon him, because he fails to give notices or warnings of or to remove these common risks of the employment. Manufacturing Co. v. Erickson, 55 Fed. 943, 946, 5 C. C. A. 341, 344, 12 U. S. App. 260, 265; Pressed Brick Co. v. Reinneiger (Ill. Sup.) 29 N. E. 1106, 1107; Dowling v. Allen, 74 Mo. 13, 16; Railway Co. v. Valirius, 56 Ind. 511, 518; Buckley v. Manufacturing Co. (N. Y. App.) 21 N. E. 717; Railway Co. v. Frawley (Ind. Sup.) 9 N. E. 595, 598; Engine Works v. Randall, 100 Ind. 293, 298, 300; Berger v. Railway Co., 39 Minn. 78, 38 N. W. 814; Sullivan v. Manufacturing Co., 113 Mass. 396; Fones v. Phillips, 39 Ark. 17, 38. Under this well-settled rule and the testimony of the defendant in error, it is impossible to sustain his recovery in this case. He testified that his accident was caused by the slipping of the block which he himself placed before the hasher on the wet and greasy floor. He knew that the floor was wet, greasy, and slippery. He had walked and worked upon the floor, placed and replaced the block upon it, for four weeks. If it was wet, greasy, and slippery, he knew the fact; knew his liability to slip and fall as he walked across it; knew the danger that the block itself might slip. If, as he walked along the floor, he had slipped and fallen, could he have recovered of the plaintiff in error? The question is susceptible of but one true answer. But he was as familiar with the danger that the block would slip as he was with the risk of the slipping of his feet. He, and he alone, had handled, placed, and replaced the block during the four weeks that he had occupied it as his standing ground. He knew that, if his fingers fell into the hasher, they would be injured, perhaps destroyed. All these risks and dangers were so simple, open, obvious, that the con-

clusion is inevitable that he impliedly contracted not only to work in this place, but also to assume the danger of accidents arising from the wet, greasy, and slippery floor, and the revolving cylinders of the chopping machine. Kleinest v. Kunhardt, 160 Mass. 230, 35 N. E. 458; O'Maley v. Light Co., 158 Mass. 135, 32 N. E. 1119; Fisk v. Railroad Co., 158 Mass. 238, 33 N. E. 510; Glover v. Bolt Co. (Mo. Sup.) 55 S. W. 88; Buckley v. Manufacturing Co., 113 N. Y. 540, 21 N. E. 717.

There was therefore no substantial evidence in this case upon which the jury could properly render a verdict in favor of the defendant in error, and it was the duty of the court below to direct them to return a verdict against him. Railway Co. v. Price, 97 Fed. 423, 427, 38 C. C. A. 239, 243; Commissioners v. Clark, 94 U. S. 278, 284, 24 L. Ed. 59; North Pennsylvania R. Co. v. Commercial Nat. Bank, 123 U. S. 727, 733, 8 Sup. Ct. 266, 31 L. Ed. 287; Railroad Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Laclede Fire-Brick Mfg. Co. v. Hartford Steam-Boiler Inspection & Ins. Co., 60 Fed. 351, 354, 9 C. C. A. 1, 4, 19 U. S. App. 510, 515; Gowen v. Harley, 56 Fed. 973, 6 C. C. A. 190, 12 U. S. App. 574; Motey v. Granite Co., 74 Fed. 155, 157, 20 C. C. A. 366, 368, 36 U. S. App. 682, 686; Railway Co. v. Belliwith, 83 Fed. 437, 441, 28 C. C. A. 358, 362, 55 U. S. App. 113, 121.

There are other specifications of error in this case, but it is unnecessary to consider them. The judgment is reversed, and the case is remanded to the court below, with instructions to grant a new trial.