## WILLIAM GOUDIE *vs.* FRANK H. FOSTER & others.

Suffolk.   March 19, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Employer's liability, In a laundry.

One who enters the employ of the proprietor of a laundry in a room where he knows that it is customary to throw water from a " starcher " upon the concrete floor, from which it runs off into a drain, and that small particles or lumps of starch occasionally are held in solution in such water and become deposited upon the floor, making it slippery, and that the floor is constantly wet, assumes the risk of an injury from his slipping because of the starch upon the floor.

A workman entering the employ of one, who is causing work to be prosecuted by his superintendent and employees in a manner obviously dangerous, nevertheless by accepting employment accepts his employer's premises and the methods used by the superintendent and the other employees as he finds them, and neither the employer nor his representative is under any duty to such workman to make any change in such conditions and methods.

TORT, with counts at common law and under R. L. c. 106, § 71, for injuries received by the plaintiff while in the defendants' employ in a laundry. Writ in the Superior Court for the county of Middlesex dated September 20, 1905. On March 22, 1906, a motion to transfer the case to Suffolk county was allowed, and the case was transferred accordingly.

The case was tried before *Brown*, J. There was evidence tending to show that, as the plaintiff was walking across the concrete floor of the laundry carrying a fringed spread on his right arm, when he was near a drying machine or extractor which was in motion revolving at its usual speed of twelve hundred revolutions a minute, his foot slipped on starch saturated with water, causing him to raise his arms so that the end of the spread was caught in the extractor and his right arm was drawn into it. Other facts are stated in the opinion.

At the close of the evidence, the presiding judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*L. Bryant,* (*D. Wright* with him,) for the plaintiff.

*W. Rand,* for the defendants.

BRALEY, J. We are of opinion that the verdict for the defendant was rightly ordered. The plaintiff upon his own testimony not only had worked in laundries for many years, but was familiar with the mechanical arrangements of the washroom where he was injured. In the location of the various machines and in their adaptation to the work, there were no concealed dangers, and the floor of the room at all times was plainly visible. It also appeared that it was part of the plaintiff's duty to wash the floor weekly, and that, being familiar with the process whereby the clothes were cleansed and laundered, he knew starch was used in the " starcher " from which, when the water was removed and thrown across the floor from whence it ran off into a drain, small particles or lumps of starch occasionally would be held in solution, causing the surface of the floor to become slippery to travel. We find it difficult to see what further enlightenment as to the condition of the ways, works and machinery or their use could have been given. The plaintiff knew of the mode in which the work was conducted, and that the floor from the very nature of the business was more or less constantly wet, and he also must have been aware when walking

over it that he might slip and perhaps in some way come into contact with the moving machinery. In the most favorable view which can be taken of his evidence, there was no information as to his surroundings that the defendants or their superintendent could have imparted, which he did not already possess or by ordinary observation could not have obtained. *Regan* v. *Lombard,* 192 Mass. 319. If the plaintiff chose to work under these conditions, he assumed at common law the known and obvious dangers incident to his employment, among which was the common and characteristic risk of a slippery floor. *Whittaker* v. *Bent,* 167 Mass. 588. *Thompson* v. *Norman Paper Co.* 169 Mass. 416.

Nor can the action be maintained on the counts under R. L. c. 106, § 71, for alleged negligence of the superintendent in permitting the surface of the floor to become and remain unstable from water and the deposition of starch. The plaintiff, while he did not at any time assume any chance of injury from the negligence of the superintendent, yet, having accepted his employer's premises as he found them, with the method employed to operate the laundry, neither the defendants nor their representative were charged with a duty to him to make any change. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135, 137, 138.

*Exceptions overruled.*