## WHITTLE v. ATLAS POWDER CO. et al.
### No. 150.

District Court, E. D. Tennessee, S. D.
July 17, 1940.

George W. Chamlee, of Chattanooga, Tenn., for plaintiff.

Miller, Miller & Martin, of Chattanooga, Tenn., for defendants.

DARR, District Judge.

This suit is against the Atlas Powder Company, a nonresident corporation, and C. V. Mayer, its manager, and John N. Servos, its foreman, both residents. The case comes from a state court. The question is on the motion to remand, and turns on whether Mayer and Servos are material defendants.

The wrongs alleged are the failure of the defendants to furnish a safe working place for the plaintiff as common law negligence and the failure to furnish such safe work-

ing place as provided by the law of Tennessee. The damages alleged are said to be the result of breathing unhealthy gases, dust, fumes, etc., whereby the plaintiff became diseased.

Under the common law it is the sole duty of the master to furnish a safe working place. It is generally held that this duty is one that cannot be delegated. Furnishing a safe working place is different from a changed condition of a transient character. It is a structural defect, as in this case, and it is the sole duty of the master to furnish the safe place for work. Cf. Standard Knitting Mills v. Hickman, 133 Tenn. 43, 179 S.W. 385. If it is the sole duty of the master to furnish a safe working place, then it would not matter by what personnel or means this is done. If there is a failure of the personnel or means by which this is done, the responsibility is the master's and not the personnel employed as the means.

If this view should be wrong, and a superior servant might be liable to an inferior servant for failure to provide a safe working place, then it is necessary to look into the situation in this case.

It is to be borne in mind that the negligence of an agent, in order to hold the agent liable in damages, must be his personal negligence and the relationship of principal and agent is not for consideration.

Before an intermediate superior employee can be held to respond in damages, it must be his personal negligence, in an immediate act or command, which was the efficient cause or coefficient cause of the injury. Brown & Sons Lumber Company v. Sessler, 128 Tenn. 665–672, 163 S.W. 812.

The charge of a failure to furnish a proper working place in this case amounts to a charge of structural defects. That is, failure to furnish proper ventilation, either by proper construction of the building or by artificial arrangements. The resident defendants, under the proof, had no authority to change structural conditions and neither did they have any funds to do this work.

The result is that there was no duty owing from these resident defendants to this plaintiff under the allegations of common law negligence.

The plaintiff contends that the defendants failed to provide a safe working place in violation of Tennessee law which is found in the Code of Tennessee of 1932, in sections 5339, 5340, and 5341.

These sections have to do with furnishing safe working conditions under situations as shown in the subject matter of this case. It is to be noted that it is not made an offense to violate these provisions of the Code but only made a misdemeanor to fail to comply with these conditions after an order made by proper state officials. (Tennessee Code, Section 5345.)

These provisions of the Tennessee law are merely declaratory of the common law; they simply provide a means by which the ends may be reached as required by the common law. Tennessee Eastman Corporation v. Newman, 22 Tenn.App. 270, 121 S.W.2d 130.

There would be no additional duty upon this manager and foreman by reason of the provision of this statute, particularly as there had been no order from a state authority to comply therewith.

The motion to remand will be denied.

Order accordingly.