Judy HAMILTON, dependent widow of Bobby Ray Hamilton, deceased; Robert Calvin Hamilton, dependent minor child of Bobby Ray Hamilton, deceased; Jonathan Ray Hamilton, dependent minor child of deceased, Plaintiffs,

v.

Robert BEAN; John Bynum; William Hatfield; Frank Shriner; and Sammy Pickett, Defendants.

No. C–81–1123.

United States District Court,
W.D. Tennessee, E.D.

May 23, 1983.

Motion to Alter or Amend Denied
July 28, 1983.

Emond & Vines, Birmingham, Ala., for plaintiffs.

Herbert S. Sanger, Jr., Gen. Counsel for Tennessee Valley Authority, James E. Fox, Associate Gen. Counsel, Robert E. Washburn, Richard B. Campbell, Knoxville, Tenn., for defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

HORTON, District Judge.

This is an action by the widow and children of Bobby Ray Hamilton against five supervisory employees of the Tennessee Valley Authority. Plaintiffs allege that Hamilton, while working at TVA's Pickwick Landing Main Lock Project near Savannah, Tennessee, was fatally injured when a scaffold on which he was standing tilted violently, causing him to fall to his death. This cause is before the Court on a motion for summary judgment filed by the defendants. After careful consideration and a thorough review of the record, the Court grants the motion.

The following facts are not in dispute and are contained in a Pretrial Order entered February 4, 1983:

1. On August 15, 1980, Bobby Ray Hamilton was a carpenter employed by TVA, acting within the course and scope of his employment at TVA's construction project at Pickwick.

2. Mr. Hamilton was killed on August 15, 1980, in an accident at Pickwick while working for TVA as a carpenter. He was 32 years old at his death, and he had worked for TVA for 15 months.

3. Plaintiffs Judy Hamilton, Robert C. Hamilton and Jonathan R. Hamilton are Bobby Hamilton's widow and children.

4. Each of the defendants was, at the time of the accident and at the time this action was filed, a TVA employee acting within the scope of his official duties at Pickwick on August 15, 1980.

5. At the time of the accident Mr. Hamilton was working in a crew with two other men—James P. Russell and Joel M. McAnally. The crew, including Hamilton, was removing steel and wood forms for concrete pours, which are also used as scaffolds.

6. Mr. Hamilton died instantly when he fell about 60 feet to the concrete floor of the lock.

The defendants contend that they are entitled to judgment as a matter of law under the circumstances of this case since the complaint is one essentially of negligence in failing to furnish a safe work place, which, according to defendants, is a duty of the employer alone and cannot form the basis of liability against individual employees.[1]

A review of the pertinent portions of the complaint is helpful. Paragraphs 5 and 6 read as follows:

5. The defendants, Robert Bean, John Bynum, William Hatfield, Frank Shriner and Sammy Pickett, were supervisor co-employees of plaintiffs' decedent or executive officers of plaintiffs' decedent's employer and, as such, had been delegated responsibility by their said employer to provide plaintiffs' decedent with a safe place to work and/or a reasonably safe work environment. The said defendants negligently or wantonly breached this duty by failing to provide the plaintiff with a safe place to work and/or a reasonably safe work environment and said negligent or wanton conduct was a proxi-

mate cause of plaintiffs' decedent's fatal injuries.

6. The defendants, Robert Bean, John Bynum, William Hatfield, Frank Shriner and Sammy Pickett, were supervisory co-employees of plaintiffs' decedent or executive officers of plaintiffs' decedent's employer and, as such, each said defendant had the right to and did control the conditions, methods and manner in which work was performed at the time and place of the occurrence made the basis of this lawsuit. Said defendants negligently and/or wantonly controlled the conditions, methods and manner in which said work was being performed and said negligent and/or wanton conduct was a proximate cause of plaintiffs' decedent's fatal injuries.

Plaintiffs' response to the summary judgment motion indicates that the particular negligence complained of is that defendants "violated various provisions of the Tennessee Valley Authority Hazard Control Manual as well as other applicable standards."

The Hazard Control Manual is a document prepared by TVA. Part II of the manual is entitled "TVA Line Control Plan." Section 5.1 of Part II states that the "Board of Directors is responsible for establishing, implementing and maintaining a hazard control program which is consistent with or exceeds the standards promulgated under Section 6 of the Occupational Safety and Health Act of 1970 (OSHAct) and any other applicable Federal regulations." The Line Control Plan directs various TVA employees to implement and ensure compliance with these safety standards.

Based on the plan and defendants' job descriptions, plaintiffs contend that each of the defendants was directed as part of his job to ensure that all safety standards were implemented. According to plaintiffs' response to the motion, "[e]ach defendant is being sued for their personally negligent

---

**1.** The defendants also raise issues relating to immunity, contributory negligence and assumption of the risk. Since the Court's order is dispositive of the case, however, these other issues need not be addressed.

acts in not implementing or complying with, in varying fashions, the Hazard Control Standards adopted by the [TVA] Board of Directors as well as other applicable standards...." Thus it is clear to the Court that this suit is strictly based upon an alleged failure to provide a safe work place. It is plaintiff's position essentially that this duty had been delegated to the defendants, as employees of TVA, who allegedly breached that duty.

The fatal flaw in the complaint is that under Tennessee law, which is applicable in this case, the duty to furnish an employee a reasonably safe place to work is the duty of the employer, and that duty is "personal, continuous, and non-delegable." *Overstreet v. Norman*, 314 S.W.2d 47, 50 (Tenn. App.1957), *cert. denied.*

The District Court for the Eastern District of Tennessee faced a case much like the one now before this Court in *Whittle v. Atlas Powder Company*, 34 F.Supp. 563 (E.D.Tenn.1940). In *Whittle*, the plaintiff sued his employer, Atlas, as well as the company's manager and a foreman, for failure to furnish a safe working place. The issue before the court was whether the manager and foreman were proper parties to the suit. The court stated:

> Under the common law it is the sole duty of the master to furnish a safe working place. It is generally held that this duty is one that cannot be delegated.... If it is the sole duty of the master to furnish a safe working place, then it would not matter by what personnel or means this is done. If there is a failure of the personnel or means by which this is done, the responsibility is the master's and not the personnel employed as the means.

*Id.* at 564.

In the case *sub judice*, one of the "means" by which TVA has chosen to carry out its duty to provide a safe work place is by establishing certain safety standards and guidelines and requiring its employees to implement and comply with these standards. However, the ultimate responsibility for providing a safe place

remains, as a matter of law, with TVA and, in the words of the court in *Whittle*, "the responsibility is the master's and not the personnel employed as the means [for carrying out this responsibility]." *Id.*

Plaintiffs have cited an unreported decision from the District Court in the Eastern District of Tennessee in support of their contention that the defendants breached a *personal* duty owed to the decedent. In *Jackson v. McClung*, #1–80–347 (E.D. Tenn.), the court denied a motion for judgment notwithstanding the verdict when faced with an issue very similar to the one raised in this case.

In *Jackson*, the court agreed with the proposition that "the law in Tennessee establishes that where the only theory is failure to provide a safe work place, a co-employee may not be held liable." However, *Jackson* was distinguishable from *Whittle* on the facts because there were allegations and proof of personal negligence on the part of the defendants. There was evidence that the defendants knew of the defective condition of the scaffold involved because of a previous accident report, that the defendants had been told to repair the scaffold but had failed to do so and that the defendants ordered the plaintiff's decedent to work on the scaffold knowing the dangerous condition and having done nothing about it. *Jackson, supra* at 3. This situation presumably fell within the parameters of the *Whittle* case which stated that an intermediate supervisory employee can be held personally liable only if it is such employee's "immediate act or command, which was the efficient cause or coefficient cause of the injury." *Whittle*, supra at 564, citing *Brown & Sons Lumber Company v. Sessler*, 128 Tenn. 665, 163 S.W. 812 (1913).

The present case does not fall within the exception applied in the *Jackson* case. The complaint essentially does not allege any negligence other than the failure to carry out the employer's duty of providing a safe work place. While the defendants' motion was filed as a motion for summary judgment, this really is a

situation where the complaint fails to state a claim upon which relief may be granted.

Although there is admittedly a scarcity of cases on point, *Whittle* still seems to be a correct statement of the law in this state. While the law in some other states would require a different result,[2] this Court must apply the law applicable to the case. That being the obligation of the Court, the motion must be granted and the case dismissed.

IT IS SO ORDERED.

## ON MOTION TO ALTER OR AMEND

This Court, by order dated May 19, 1983, granted defendants' motion for summary judgment and dismissed this lawsuit. The basis for the dismissal was that plaintiffs' complaint alleged negligence in failing to furnish a safe work place which, under Tennessee law, cannot form the basis for liability against individual employees. Now plaintiffs have filed motions to alter or amend the Court's judgment and for leave to amend their complaint. The motions are denied.

First, it should be noted that plaintiffs had ample opportunity prior to the Court's ruling to address the problem that led to dismissal of the complaint. The complaint was filed nearly two years. Even prior to the summary judgment motion, defendants raised, through discovery procedures, questions about the sufficiency of the complaint. After the motion was filed, plaintiffs had more than enough time to place the record in an appropriate posture for consideration by the Court. Although leave to amend is generally given freely, this Court cannot allow its orders of dismissal to serve simply as advisory opinions and then allow plaintiffs to make new allegations in an amended complaint that could, with due diligence, have been made long ago.

More importantly, however, the Court is convinced that the amendment, even if allowed, would be futile, since the proposed amendment does not remedy the deficiencies of the original pleadings. Language has been added to allege personal negligence, but it is quite clear that the nature of the complaint still relates to failure to provide a safe work place. No new factual allegations have been made. Plaintiffs couch the allegations in different terms but do not change the essence of the complaint.

■ Plaintiffs claim that certain unsafe conditions existed at the job site and that these conditions caused the death of plaintiffs' decedent. As the Court noted in its previous order, the duty to furnish an employee a reasonably safe place to work is the duty of the employer and that duty is "personal, continuous, and non-delegable." *Overstreet v. Norman*, 314 S.W.2d 47, 50 (Tenn.App.1957), *cert. denied.*

■ Claiming, as plaintiffs do in the proposed amendment, that the defendants "knew or should have known" that unsafe conditions existed and that they failed to correct the conditions is not sufficient to convert the case into one of personal negligence. A quote cited in the Court's previous order is appropriate:

> If it is the sole duty of the master to furnish a working place, then it would not matter by what personnel or means this is done. If there is a failure of the personnel or means by which this is done, the responsibility is the master's and not the personnel employed as the means.

*Whittle v. Atlas Powder Company*, 34 F.Supp. 563, 564 (E.D.Tenn.1940).

Therefore, the Court must deny the motions.

IT IS SO ORDERED.

---

**2.** For example, Louisiana has adopted the position that the duty to provide a safe work place may be imposed upon an employee "solely because of the employment or agency relationship" and its breach may make him "individual-

ly liable for harm thereby sustained" by a co-employee. *Vega v. Southern Scrap Material Company*, 517 F.2d 254, 258 (5th Cir.1975), *quoting Canter v. Koehring Company*, 283 So.2d 716, 722 (La.1973).